IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MELVIN C. JOHNSON, #329281 | * | |
|     Plaintiff, | | |
|     v. | * | CIVIL ACTION NO. WDQ-06-1506 |
| PAUL J. KEPLINGER, MARYLAND STATE POLICE | * | |
|     Defendant. | * | |
| | *** | |

**MEMORANDUM**

On March 9, 2006, Plaintiff filed a Fourth Amendment civil rights complaint pursuant to 42 U.S.C. §1983, seeking a cumulative award of $3,000,000.00 in compensatory and punitive damages. Counsel for Defendant has filed a dispositive motion which shall be treated as a Motion for Summary Judgment. Paper No. 9. Plaintiff has filed an opposition. Paper No. 14. No hearing is needed to resolve the pending motion, which shall be denied without prejudice. *See* Local Rule 105.6 (D. Md. 2004).

**Factual Background**

Plaintiff states that on November 27, 2004, he was falsely arrested, assaulted, and injured by Maryland State Police Officer Paul Keplinger during a traffic stop on Route 362 in Somerset County, Maryland.[1] He claims that he was the passenger in the vehicle, but Officer Keplinger falsely charged him with various motor vehicle driving offenses. Plaintiff states that on or about March 5, 2005, a jury acquitted him of speeding, driving on a suspended and revoked license, driving under the influence, and driving while impaired by alcohol. He alleges that a mistrial was declared as to Officer Keplinger's claim that Plaintiff resisted arrest. Plaintiff claims that as he was

---

[1] Plaintiff claims that Officer Keplinger caused bodily injury to his left wrist, arm, shoulder, and chest.

found not guilty of the vehicular offenses, it demonstrates that he was not driving the car and Keplinger did not "have a right to bother me."

In his dispositive motion Defendant presents the following facts. Plaintiff was taken before a District Court Commissioner for an initial appearance based upon a Statement of Probable Cause prepared by Defendant. The Commissioner reviewed the Statement and found that there was probable cause to detain Plaintiff. Defendant states that in May of 2005, Plaintiff was convicted on the charge of resisting arrest and was sentenced to eight years, with five years suspended, and eighteen months supervised probation upon release.

Defendant argues that as (1) the Commissioner found probable cause for the arrestable offense of resisting arrest and (2) Plaintiff was convicted of the offense, probable cause for the arrest has been established and Plaintiff's civil rights claims regarding his arrest and detention must fail. Defendant further maintains that Plaintiff's allegations surrounding the use of force fail to plead or even make a showing of an essential element to his 42 U.S.C. § 1983 claim, namely that the force used was excessive under the circumstances. In support, Defendant presents the statement of probable cause for resisting arrest and the criminal docket to establish that Plaintiff was in fact tried before a jury and convicted of resisting arrest.

In his Opposition, Plaintiff claims that he was falsely arrested on the motor vehicle charges based upon Defendant's perjured statements. He alleges that the vehicular charges were consolidated for trial with the resisting arrest offense and the jury acquitted him of the driving charges and did not agree on the resisting arrest charge. Plaintiff presents the affidavit of Theresa Smith[2] in support of his claim that the probable cause statement regarding the motor vehicle charges was false and his arrest was illegal.

---

[2] Smith was riding in the automobile on the date and time in question and, according to both Plaintiff and Smith, was driving the vehicle.

In regard to the excessive force claim, Plaintiff maintains that Defendant ordered him to exit the vehicle and place his hands on the trunk of the car. He states that he placed his hands on the trunk and asked the officer to wait a minute, at which time Defendant grabbed his left arm "which ended with me on the ground due to the defendant's assaulting me."

## Standard of Review

"[S]ummary judgment should be granted in those cases in which it is perfectly clear that no genuine issue of material fact remains unresolved and inquiry into the facts is unnecessary to clarify the application of the law." *Haavistola v. Community Fire Co. of Rising Sun*, 6 F.3d 211, 214 (4th Cir. 1993) (citations omitted). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. . . . Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original). If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" summary judgment is appropriate. *Celotex Corp. v. Catrett*, 477 U. S. 317, 322 (1986). "In ruling on a motion for summary judgment, a court must believe the evidence of the non-movant, and all justifiable inferences must be drawn in the non-movant's favor." *Estate of Kimmell v. Seven Up Bottling Co.*, 993 F.2d 410, 412 (4th Cir. 1993) (citation omitted).

## Analysis

### Illegal arrest

Plaintiff claims that his arrest on motor vehicle driving charges was illegal and was based upon a false probable cause statement. There is no dispute that a Chevrolet sedan in which Plaintiff

3

was riding was pulled over by Defendant on November 27, 2004. Plaintiff was arrested and charged with: driving a motor vehicle over the speed limit (Count 1); driving a motor vehicle on a suspended license (Count 2); driving a motor vehicle on a revoked license (Count 3); driving a motor vehicle while under the influence (Count 4); and driving a vehicle while impaired by alcohol. (Count 5). *See State v. Johnson*, Case No. 19-K-05-007741 (Circuit Court for Somerset County). A resisting arrest charge was also filed against Plaintiff based upon events occurring immediately after he had been placed under arrest on the motor vehicle charges. *See State v. Johnson*, Case No. 19-K-05-007741 (Circuit Court for Somerset County). The cases were consolidated. After denying a defense motion for judgment of acquittal as to all counts, on May 12, 2005, Plaintiff was found guilty of resisting arrest and found not guilty of driving a motor vehicle while impaired. The circuit court declared a mistrial as to the four remaining motor vehicle counts.[3] Plaintiff is currently serving a sentence in the Division of Correction on the resisting arrest conviction.

Plaintiff was initially placed under arrest on motor vehicle charges. According to the record before this Court he was never convicted of those offenses. The resisting arrest charge, for which Plaintiff was subsequently convicted, arose out of the initial arrest. In filing his dispositive motion, Defendant makes no reference to the false arrest claims regarding Plaintiff's motor vehicle charges. Rather, he focuses entirely on the resisting arrest charge, arguing that probable cause was sufficient in light of the District Commissioner's action and Plaintiff's conviction for that offense. In his Opposition, Plaintiff presents affidavits going to the veracity of the probable cause statement surrounding his arrest on the motor vehicle charges. In light of these filings, the Court has insufficient material before it to grant judgment on whether there was probable cause to arrest

---

[3] The basis for the circuit court and jury's determinations is not clear as no trial transcript has been presented to this Court.

Plaintiff on the motor vehicle charges.[4]  *See Porterfield v. Lott*, 156 F.3d 563, 568-71 (4th Cir. 1998) (Fourth Amendment claim must be analyzed to determine whether probable cause for the arrest was lacking).

### **Excessive Force**

With regard to the excessive force claim, Defendant correctly observes that Plaintiff pleaded little or no materials facts regarding the application of force.  In his opposition response, however, Plaintiff attempts to correct this deficiency by discussing, albeit in an incomplete manner, the force applied by Defendant at the time of arrest.

In his dispositive motion Keplinger makes a rather perfunctory statement that Plaintiff has failed to plead that his alleged injury was caused by an other than a reasonable use of force, because the "handcuffing of an arrestee is entirely right and proper."  Defendant, however, provides none of the legal analysis and supporting verified documentation, *i.e.*, declarations, transcript, and/or medical reports,[5] necessary for this Court to make a proper Fourth Amendment analysis to occur under *Graham v. Conner*, 490 U.S. 386 (1989). [6]  When this deficiency is viewed in light of Plaintiff's opposition response, the Court again cannot make a proper evaluation as to what force was applied during the arrest and whether it was objectively reasonable under the circumstances.

---

[4]   Insofar as Plaintiff may be raising a Fourth Amendment claim regarding the resisting arrest offense, such a claim may be precluded by *Heck v. Humphrey*, 512 U.S. 477 (1994).

[5]   The only document provided by Defendant which factually discusses the use of force is the Statement of Probable Cause.

[6]   Claims of excessive force during an arrest or investigatory stop are examined under the Fourth Amendment's objective reasonableness standard.  *See Graham v. Connor*, 490 U. S. 386, 395 (1989).  This "requires balancing the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *Tennessee v. Garner*, 471 U.S. 1, 8 (1985) (citation omitted).  Factors to be included in making this determination include the severity of the crime, whether there is an immediate threat to the safety of the officer or others, and whether the subject is resisting arrest or attempting to flee.  *See Graham*, 490 U.S. at 396.  The determination is to be made "from the perspective of a reasonable officer on the scene." *Id*.

In light of these findings, Defendant's Motion for Summary Judgment shall be denied without prejudice.[7]  A separate Order follows.[8]

Date: December 15, 2006                             /s/
                                            William D. Quarles, Jr.
                                            United States District Judge

---

[7] Defendant raises a claim of qualified immunity.  The Court cannot at this time properly analyze and enter a determination on such a summary judgment argument.  *See Henderson v. Simms*, 223 F.3d 267, 271 (4th Cir. 2000) ( to determine whether a government official is entitled to qualified immunity, a court must identify the right allegedly violated, determine whether the constitutional right violated was clearly established at the time of the incident, and evaluate whether a reasonable official would have understood that the conduct at issue violated the clearly established right).

[8] Defendant shall be granted additional time to present omitted argument and material and to renew his summary judgment motion.